UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| COLTON LEEKLEY-WINSLOW, | Case No. 19-CV-0587 (SRN/SER) |
| Plaintiff, | |
| v. | ORDER AND REPORT AND RECOMMENDATION |
| FAIRVIEW HEALTH SERVICES, UNIVERSITY OF MINNESOTA, STATE OF MINNESOTA, DANIEL FROMM, KATE HOMOLKA, KELLY A. PUTNEY, CHAD A. TRIERWEILER, RICHARD B. JONES, JOSEPH CHARLTON DESROSLER, NURSE 1, DETENTION TEAM MEMBER, PSYCH ASSOCIATE 1, and MENTAL HEALTH SYSTEMS, | |
| Defendants. | |

This matter comes before the Court on (1) Plaintiff Colton Leekley-Winslow's Complaint, ECF No. 1 (Complaint); (2) Leekley-Winslow's Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 2 (IFP Application); (3) Defendant State of Minnesota's Motion to Dismiss Plaintiff's Complaint, ECF No. 14; (4) Defendants Kelly A. Putney and Kate L. Homolka's Motion for Dismissal Pursuant to FRCP 12(b)(1) and 12(b)(6) Filed in Lieu of Answer to Plaintiff's Complaint, ECF No. 21; (5) Defendant Regents of the University of Minnesota's Motion to Dismiss, ECF No. 30; (6) Leekley-Winslow's Motion for U.S. Marshals to Deliver Paperwork, ECF No. 40 (Service Motion); (7) Leekley-Winslow's Motion for Appointment of Legal Counsel, ECF

No. 42 (Counsel Motion); and (8) Leekley-Winslow's Motion to Dismiss Claims Against Mental Health Systems, ECF No. 43 (Claim-Dismissal Motion).

For the reasons discussed below, the Court denies the Counsel Motion, grants the Claim-Dismissal Motion, and orders Leekley-Winslow to file an amended complaint within 30 days of this Order's date. The Court will address the IFP Application once Leekley-Winslow files the amended complaint, and denies the Service Motion as moot. The Court further recommends that the three pending motions to dismiss be denied as moot.

### I. BACKGROUND

Proceeding *pro se*, Leekley-Winslow filed the Complaint and IFP Application on March 7, 2019. *See* Compl. 1; IFP Appl. 1. In general, when the Court receives a *pro se* complaint and an application to proceed *in forma pauperis*, the Court reviews the complaint and application according to 28 U.S.C. § 1915. If the Court determines that it should grant the application to proceed *in forma pauperis*, and that the complaint withstands the screening established by § 1915(e)(2),[1] the Court orders the plaintiff to provide service-

---

[1] Section 1915(e)(2) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
>     (A)    the allegation of poverty is untrue; or
>
>     (B)    the action or appeal—
>
>         (i)    is frivolous or malicious;
>
>         (ii)    fails to state a claim on which relief may be granted; or

related information as part of having the U.S. Marshals Service serve the defendants with a summons and a copy of the complaint. *See id.* § 1915(d) (stating that in cases proceeding *in forma pauperis*, "[t]he officers of the court shall issue and serve all process"). The service step matters because a defendant's requirement to respond to the complaint is generally triggered not by the complaint's filing with the Court, but by service of the summons and the complaint on the defendant. *See, e.g.*, Fed. R. Civ. P. 12(a).

Here, even before the Court ruled on the IFP Application and screened the Complaint under § 1915(e)(2), Leekley-Winslow served certain Defendants with a copy of the Complaint, but with a defective summons. *See, e.g.*, Def. State of Minnesota's Mem. of Law in Supp. of its Mot. to Dismiss Pl.'s Compl. 12–13, ECF No. 16 (State MOL) (reporting receipt of defective summons); Aff. in Supp. of Service Mot. & Counsel Mot. 1, ECF No. 44 (Leekley-Winslow Affidavit) ("The summons form served to Defendants was not signed by a court clerk. This was a clerical error and the reason that only some of the Defendants were served, as service was stopped when the error was realized.").[2] As a result, five Defendants—the State of Minnesota, the University of Minnesota, Kelly Putney, Kate Homolka, and Fairview Health Services—filed motions to dismiss the

---

        (iii)    seeks monetary relief against a defendant who is immune from such relief.

[2] Under Federal Rule of Civil Procedure 4(b), "On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." The State of Minnesota indicated that it received a summons directed to a different defendant and that "did not bear the court's seal and was not signed by the clerk." State MOL 13.

3

Complaint. And at least five named Defendants—Daniel Fromm, Chad Trierweiler, Richard Jones, Joseph Charlton Desroler, and Mental Health Systems—have yet to file an appearance. It is unclear whether these Defendants have yet to file an appearance because (1) they do not know that they have been named in the Complaint; or (2) they have received a copy of the Complaint, but have declined to appear or respond because they have not been properly served.

On April 5, 2019, after the State of Minnesota, the University of Minnesota, Putney, and Homolka filed their motions to dismiss, Leekley-Winslow filed the Service Motion, the Counsel Motion, and the Claim-Dismissal Motion. The Service Motion asks that the U.S. Marshals "conduct all service on Defendants." Service Mot. 1. The Counsel Motion asks that the Court appoint Leekley-Winslow legal counsel. *See* Counsel Mot. 1. Finally, the Claim-Dismissal Motion indicates that Leekley-Winslow wants to dismiss his claims against Mental Health Systems; he suggests that it was actually a different entity with a similar logo that was involved in the conduct alleged in the Complaint. *See* Claim-Dismissal Mot. 1. Furthermore, in an affidavit in support of the Service Motion and the Counsel Motion, Leekley-Winslow states that he plans to file an amended complaint. *See* Leekley-Winslow Aff. 2.

## II.   ANALYSIS

### A.   Counsel Motion

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (citing *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985)); *see also In re Lane*, 801 F.2d 1040, 1042 (8th

4

Cir. 1986) ("The decision to appoint counsel in civil cases is committed to the discretion of the district court.") (citing *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984)).  The Court accepts that there have been some initial service-related complexities in this matter.  But given Leekley-Winslow's submissions advocating on his behalf, and the case's nature and relative lack of complexity, appointment of counsel does not appear warranted at this time.  The Counsel Motion is denied without prejudice.

### B.   Claim-Dismissal Motion and Request to Amend Complaint

Given the Claim-Dismissal Motion's request to dismiss the claims against one Defendant, and the statement in Leekley-Winslow's affidavit suggesting that he plans to file a new complaint, the Court construes Leekley-Winslow as seeking to amend the complaint.  Under Federal Rule of Civil Procedure 15(a)(1)(B), if a party wishes to amend a "pleading to which a responsive pleading is required," the party may "amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) . . . , whichever is earlier."  In this case, the earliest motion to dismiss—the State of Minnesota's—was filed on April 1, 2019.  *See* State Mot. to Dismiss 1.  Leekley-Winslow filed the documents showing his desire to amend the Complaint within 21 days of that date, *see, e.g.*, Claim-Dismissal Mot. 1 (filed on April 5, 2019), so he may amend the Complaint as a matter of course.

The Claim-Dismissal Motion is therefore granted; the claims against Defendant Mental Health Systems will be dismissed.  In addition, Leekley-Winslow will be given 30 days to file an amended complaint.  Should he choose to do so, he cannot merely supplement his current filings; he must instead file an entirely new amended complaint.  If

he does not file an amended complaint within 30 days of this Order's date, it will be recommended that this matter be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

### C.  IFP Application, Service Motion, and Motions to Dismiss

Leekley-Winslow's ability to file an amended complaint makes several pending motions moot or makes resolving them now inadvisable.  For instance, the Court will reconsider the IFP Application after Leekley-Winslow has had an opportunity to file an amended complaint.  Furthermore, once Leekley-Winslow files the amended complaint, the Court shall proceed with standard screening under 28 U.S.C. § 1915.  As discussed above, if the Court determines that it should grant the IFP Application and some or all of the amended complaint withstands § 1915(e)(2) screening, the Court will order Leekley-Winslow to provide service-related information and will have the U.S. Marshals Service serve the Defendants with summons and the amended complaint.  This makes the present Service Motion moot.

This leaves the four pending motions to dismiss.[3]  Given that Leekley-Winslow plans to file an amended complaint, the Court views these motions as moot.  *See, e.g.*, *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002).  The Court thus recommends that the motions to dismiss be denied as moot.  The relevant Defendants will

---

[3] For the sake of clarity, Leekley-Winslow should not respond to any of the motions to dismiss at this time.  If the District Judge does not adopt the Court's recommendation that the motions to dismiss be denied as moot, this Court will set a deadline by which Leekley-Winslow's responses would be due.

6

not be prejudiced by denying their current motions as moot; they may reuse their work product in seeking to dismiss the amended complaint, should they so choose.

## CONCLUSION

Based upon the above, and upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Colton Leekley-Winslow's Motion for Appointment of Legal Counsel, ECF No. 42, is **DENIED**.

2. Leekley-Winslow's Motion for U.S. Marshals to Deliver Paperwork, ECF No. 40, is **DENIED AS MOOT**.

3. Leekley-Winslow's Motion to Dismiss Claims Against Mental Health Systems, ECF No. 43, is **GRANTED**.

4. Within thirty days of the date of this Order, Leekley-Winslow shall file an amended complaint, failing which this case will be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Furthermore, based upon the above, and upon all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant State of Minnesota's Motion to Dismiss Plaintiff's Complaint, ECF No. 14; Defendants Kelly A. Putney and Kate L. Homolka's Motion for Dismissal Pursuant to FRCP 12(b)(1) and 12(b)(6), ECF No. 21; Defendant Regents of the University of Minnesota's Motion to Dismiss, ECF No. 30; and Defendant Fairview Health Services' Motion to Dismiss, ECF No. 45, be **DENIED AS MOOT**.

7

Dated: April 17, 2019
s/ *Steven E. Rau*
Steven E. Rau
U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).