UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Colton Leekley-Winslow,

Plaintiff,

v.

Fairview Health Services, *et al.*,

Defendants.

Case No. 19-cv-587 (SRN/SER)

**ORDER**

This Court issued an Order and Report and Recommendation on April 17, 2019, which granted Leekley-Winslow permission to amend his complaint. (ECF Nos. 53 & 54). This Court was ruling on, among other filings, Leekley-Winslow's April 5, 2019 motion and affidavit. (ECF Nos. 43, 44). Leekley-Winslow was provided 30 days to amend his complaint. If Leekley-Winslow did not amend his complaint within 30 days, this Court noted it would "be recommended that this mater be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedura 41(b)." (ECF Nos. 53 & 54, at 6).

On May 15, 2019, Leekley-Winslow requested an extension to August 1, 2019 to amend his complaint. (ECF No. 55). That request was granted. (ECF No. 68). This Court ordered that "Plaintiff shall file his amended complaint, which must be complete in itself, no later than August 1, 2019. If Plaintiff fails to comply, this Court will recommend dismissing this matter for failure to prosecute." (ECF No. 68).

1

Leekley-Winslow now requests an extension to October 1, 2019 to amend his complaint. (ECF No. 75). Leekley-Winslow asserts the extension is necessary because "[f]ederal law enforcement action must be taken" and because "[t]his case is [his] only way of recording evidence for federal law enforcement or accessing a federal judge pertaining to these matters." (ECF No. 75). Simultaneously, Leekley-Winslow filed his Motion to Compel Federal Law Enforcement Action. (ECF No. 73). While difficult to follow, Leekley-Winslow recounts a November 2018 interview with the FBI pertaining to U.S. Air Force enlistment eligibility, accuses an FBI Agent of tampering with the FBI's computer system to "evade justice for telling [him] to withhold information from the Air Force," that he has been "the victim of a fraudulent legal action" in Minnesota state court by a person Leekley-Winslow reported to the FBI, and that the Washington County Sheriff's Office refuses to review Leekley-Winslow's evidence. (ECF No. 73). Leekley-Winslow submitted 129 pages of various documents, including state court filings for a harassment restraining order cases against him. (ECF No. 74).

Leekley-Winslow's inability to meet the filing deadline for his amended complaint has not prevented him from inundating this Court with various difficult-to-follow or irrelevant filings. There have been about ten such filings since this Court ordered that he amend his complaint (ECF Nos. 56–57, 59–61, 65–67, 74–75). This case has not even moved beyond the initial pleadings stage, yet Leekley-Winslow has filed repeated, voluminous document dumps with the Court. The Court finds it necessary to impose restrictions on what Leekley-Winslow may file to take control of its docket and ensure this litigation progresses in an orderly manner. Because of Leekley-Winslow's *pro se*

status, however, this Court will grant him a moderate extension to file his amended complaint.

Therefore, **IT IS HEREBY ORDERED** as follows:

1. Leekley-Winslow's Motion to Extend the Deadline for [Filing an] Amended Complaint, (ECF No. 75), is **GRANTED IN PART and DENIED IN PART**. Leekley-Winslow shall file his amended complaint no later than **September 6, 2019**. No further extensions will be granted. As the Court has repeatedly stressed, the amended complaint must be complete in itself and cannot incorporate any previous filings or purport to be supplemented by any other filings; the document must stand on its own. If Leekley-Winslow fails to file his amended complaint by September 6, 2019, this Court will recommend dismissing this matter for failure to prosecute.

2. Leekley-Winslow may not file any other motion or document other than his amended complaint. The Court will not entertain any motion or filing other than Leekley-Winslow's amended complaint. Defendants are not required to respond to any of Leekley-Winslow's filings, including his amended complaint, until this Court completes its *in forma pauperis* screening or otherwise directs a response.

3. Leekley-Winslow's Motion to Compel Federal Law Enforcement Action, (ECF No. 73), is **DENIED**. It is not clear what Leekley-Winslow requests. Nonetheless, the Court has no authority to compel federal law enforcement to take particular actions. Moreover, this is purportedly a lawsuit against various private individuals and the Court has no jurisdiction over nonparties.

4. Failure to comply with this Order shall subject the non-complying party to any and all appropriate remedies, sanctions, and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: July 26, 2019

      *s/ Steven E. Rau*
Steven E. Rau
United States Magistrate Judge
District of Minnesota

*Leekley-Winslow v. Fairview Health Servs.*
Case No. 19-cv-587 (SRN/SER)