## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

COLTON LEEKLEY-WINSLOW,                     Case No. 19-CV-0587 (SRN/KMM)

          Plaintiff,

v.

                                    **ORDER**

FAIRVIEW HEALTH SERVICES, ET
AL.

          Defendants.

This matter is before the Court on the June 11, 2020 letter filed by Jennifer Waterworth, counsel for Defendants Fairview Health Services, Dr. Chad Trierweiler, and Dr. R. Brian Jones. ECF No. 126. Ms. Waterworth states that she believes the Plaintiff, Colton Leekley-Winslow, passed away on May 24, 2020. An obituary published in the *Star Tribune* on June 7, 2020 announced Colton Leekley-Winslow's passing and includes a description that matches the Plaintiff. Ms. Waterworth notes that she has not been contacted by anyone on Mr. Leekley-Winslow's behalf, does not have any actual proof of his death, and is uncertain of how to proceed considering his possible passing. *Id.*

Federal Rule of Civil Procedure 25 governs federal court procedure to be followed when a party dies while litigation is pending. *Gutierrez v. Gunderson*, No. 04-2627 (JRT/JSM), 2008 WL 170009, at *1 (D. Minn. Jan. 16, 2008).

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). The 90-day limitations period of Rule 25(a)(1) may not begin to run until a "formal suggestion of death" has been filed. *Younts v. Fremont County, Iowa*, 370 F.3d 748, 752 (8th Cir. 2004). A formal motion for substitution is also required "before the court may order substitution" under Rule 25(a)(1). *Kuelbs v. Hill*, 615 F.3d 1037, 1042 (8th Cir. 2010). Such a motion can be made "by the representative of the deceased party without awaiting the suggestion of death." Fed. R. Civ. P. 25(a)(1), Advisory Committee Notes to 1963 Amendment. The "motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4[, and a] statement noting death must be served in the same manner." Fed. R. Civ. P. 25(a)(3).

The Court has reviewed the obituary referenced in Ms. Waterworth's June 11th letter and agrees that it appears to concern the Plaintiff. However, for two reasons the Court does not construe the letter to be a formal suggestion of death under Rule 25. First, Ms. Waterworth's letter expresses some uncertainty regarding Mr. Leekley-Winslow's death. Second, and more importantly, there is no indication in the record that service of any Rule 25 notice has been served on Plaintiff's next of kin, which is the triggering event for the 90-day deadline for a motion to substitute.

Based on defense counsel's June 11th letter, the Court establishes the procedure set forth below to govern the next stage of the litigation. *See Wahiid v. Wakeman*, No. 15-622 (ADM/FLN), 2015 WL 8781537, at *1–2 (D. Minn. Nov. 24, 2015) (establishing a procedure following the filing of a letter from defense counsel informing the court that

the plaintiff died while in BOP custody), *R&R adopted by* No. 15-cv-622 ADM/FLN, 2015 WL 8751618 (D. Minn. Dec. 14, 2015). All proceedings in this matter are hereby **STAYED** for thirty days. *Id.* Within the next 30 days, defense counsel should take reasonable steps, consistent with Rule 25, to learn whether Mr. Leekley-Winslow has, in fact, passed away. If so, defense counsel should also attempt to determine who would be the appropriate person or persons upon whom to serve a formal notice suggesting his death. Defense counsel should also make reasonable attempts to complete service on those individuals, along with a letter explaining that the service will trigger a 90-day deadline for such person or persons to file a motion to substitute, should they choose to continue the litigation.

Prior to the expiration of that 30-day window, if defense counsel serves and files a formal notice under Rule 25(a)(1), and no motion for substitution is filed within 90 days of service, the Court will take appropriate action. *See Gutierrez*, 2008 WL 170009, at *2 (dismissing action without prejudice where deceased plaintiff's next of kin failed to file motion to substitute or take action within 90 days of receiving service of a formal notice under Rule 25). **On or before July 13, 2020**, if no formal notice suggesting the Plaintiff's death pursuant to Rule 25 has been served and filed, defense counsel shall file a letter updating the Court on the status of the reasonable efforts taken consistent with this Order. Upon the filing of such a letter, the Court will determine the appropriate next steps, including the possible extension of the stay entered in this Order.

**IT IS SO ORDERED**.

Dated: June 12, 2020                    */s/ Katherine M. Menendez*
                                        Katherine M. Menendez
                                        United States Magistrate Judge